**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melquiades R. Sanchez, ) | No. CIV 06-624-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Simmons, USA, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Currently before the Court is Plaintiff Melquiades R. Sanchez's ("Plaintiff") Motion for Entry of Default Judgment (Dkt.#7) and Defendant Simmons USA, Inc. ("Defendant Simmons"), Motion to Quash Service and to Dismiss the Complaint. (Dkt.#8). After reviewing the pleadings, the Court issues the following Order.

**I.      Background**

Plaintiff filed his Complaint, in letter form, with the Clerk of the Court on March 2, 2006. Plaintiff returned the summons as executed upon Defendant Simmons on March 14, 2006. (Dkt.#2). No answer or 12(b) motion was filed by Defendant Simmons, thus on May 18, 2006, the Court directed Plaintiff to show cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Dkt.#4). On June 12, 2006 at the show cause hearing, the Court referred Plaintiff to Rule 55 of the Federal Rules of Civil Procedure. (Dkt.#5). On June 28, 2006, Plaintiff filed the

1 instant Motion for Entry of Default Judgment against Defendant Simmons. (Dkt.#7).  On
2 July 11, 2006; however, Defendant Simmons filed its instant Motion to Quash Service and
3 to Dismiss the Complaint. (Dkt.#8).  Specifically, Defendant Simmons moves to quash
4 service as improper because it was personally provided by Plaintiff to Mr. Michael King,
5 whom Defendant represents to be not an agent or managing agent of Defendant, but rather
6 an employee of a wholly owned subsidiary of Defendant.  Defendant contends that such
7 service is improper under Rule 4(h)(1) of the Federal Rules of Civil Procedure.  Subsequent
8 to the filing of the Defendant's Motion to Quash, Plaintiff filed with the Court "Proof of
9 Service" upon Defendant. (Dkt.#9).  Specifically, Plaintiff attached proof that he provided
10 service by certified mail to Defendant's counsel, Mr. Donald Cross.

11 In addition, to moving to Quash service, Defendant also moves for dismissal of Plaintiff's
12 Complaint on the basis that it fails to state a claim pursuant to Rule 12(b)(6) and for lack of
13 subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.
14 Defendant's Motion was filed on July 11, 2006; however Plaintiff has yet to file any
15 response.

**II.    Analysis**

**A.    Plaintiff's Application for Entry of Default**

Rule 55(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Plaintiff has moved this Court to direct entry of default because of Defendant's failure to appear in this action.  However, with Defendant's Motion to Quash and Motion to Dismiss, the Defendant has made an appearance in this action and is defending for purposes of Rule 55 Fed.R.Civ.P.  See Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n, 874 F.2d 274, 276 (5th Cir. 1989) (stating that motion to dismiss constitutes appearing for purposes of Rule 55).  As such, because Defendant is actively defending this action, entry of default would be improper.

### B. Plaintiff's Motion to Quash and Motion to Dismiss

Although Defendant filed the instant Motion to Quash and Motion to Dismiss on July 11, 2006, Plaintiff has yet to file any response. It appears that the service issue may have been cured by the Plaintiff's most recent filing of "Proof of Service" which appears to provide service by certified mail upon Defendant. However, Plaintiff has not issued any response to the Defendant's Motion to dismiss for failure to state a claim and lack of subject matter jurisdiction. Presumably the Plaintiff is awaiting the Court's determination as to his application for entry of default. That application has now been rejected. Plaintiff should take note that pursuant to Local Rule 7.2(i) of the Local Rules of the District Court of Arizona, the failure of a non-moving party to respond to such a motion may result in dismissal as "such non-compliance may be deemed a consent to the ... granting of the motion and the Court may dispose of the motion summarily." Thus, the Court will direct Plaintiff to file a response to Defendant's Motion. Should Plaintiff not respond within the appropriate time, the Court will grant Defendant's Motion summarily.

**Accordingly**,

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for Default Judgment. (Dkt.#7).

**IT IS FURTHER ORDERED** directing Plaintiff to file a Response to Defendant's Motion to Quash Service and to Dismiss Complaint within 10 days of the date this Order is filed. Should Plaintiff fail to file a response, the Court will grant Defendant's Motion in accordance with Local Rule 7.2(i) of the Local Rules of the District Court of Arizona.

DATED this 13th day of October, 2006.

_____
Mary H. Murgula
United States District Judge